# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

BRIAN MARK GIVENS                                              PLAINTIFF

v.                              Case No. 1:19-cv-1026

EL DORADO FESTIVALS &
EVENTS, INC., D/B/A
MURPHY ARTS DISTRICT                                 DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Dismiss. (ECF No. 6). Plaintiff has filed a response. (ECF No. 13). Defendant has filed a reply. (ECF No. 14). The Court finds this matter ripe for consideration.

## BACKGROUND

This is a disability discrimination action. Defendant, El Dorado Festivals and Events, Inc. is a corporation that puts on events and maintains several entertainment venues in El Dorado, Arkansas. Plaintiff, Brain Mark Givens, was employed by Defendant as its Executive Vice-President of Entertainment and Talent Relations. Plaintiff alleges that his employment was terminated because of his alcoholism in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA") and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-107 ("ACRA").

On August 6, 2019, Defendant filed the instant motion, arguing that Plaintiff's claims should be dismissed because he has failed to allege facts sufficient to state a claim for disability discrimination under the ADA and the ACRA. Plaintiff opposes the motion, arguing that he has sufficiently pled his allegations of disability discrimination.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

### I. Plaintiff's ADA and ACRA Claims

To establish a prima facie case of disability discrimination under the ADA and ACRA, a plaintiff must allege that he: (1) is disabled within the meaning of the ADA; (2) is qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) has suffered an adverse employment action because of his disability.[1] *E.E.O.C. v. Prod. Fabricators, Inc.*, 763 F.3d 963, 969 (8th Cir. 2014); *Dovenmuehler v. St. Cloud Hosp.*, 509 F.3d 435, 439 (8th Cir. 2007).

The Court's analysis begins and ends with whether Plaintiff has sufficiently pleaded that he is qualified to perform the essential functions of his job, with or without reasonable accommodation. Defendant argues that Plaintiff has failed to make any allegations that he is qualified to perform the essential functions of his job. Plaintiff responds, arguing that the Court can infer he is qualified because he has pleaded that Defendant actively recruited and subsequently hired him. Plaintiff further argues that he was qualified to perform the essential functions of his job because he completed an alcohol rehabilitation program to be considered for the position.

Upon consideration, the Court agrees with Defendant. Plaintiff's Complaint does not contain any allegations that he was qualified to perform the essential functions of his job, with or

---

[1] Disability discrimination claims presented under the ACRA are analyzed using the same principles employed in analyzing claims under the ADA. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002).

without reasonable accommodation. Moreover, Plaintiff has cited no authority, and the Court is unaware of any, allowing the Court to infer that Plaintiff was qualified based solely on the fact that he was hired by Defendant, or that he completed an alcohol rehabilitation program to be considered for the position. Because the Court has found this element unsatisfied, it is unnecessary to address the remaining two elements. Thus, the Court finds that Plaintiff has failed to state disability discrimination claims under either the ADA or the ACRA.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Dismiss (ECF No. 6) should be and hereby is **GRANTED**. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREDJUDICE**.

**IT IS SO ORDERED**, this 16th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge